UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IRONLEAF CAPITAL, L.P., a Delaware limited partnership,<br>Plaintiff,<br>v.<br>IRONLEAF EQUITY PARTNERS LLC, a Delaware limited liability company,<br>Defendant. | Case No. 2:26-cv-3537<br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Ironleaf Capital, L.P. ("Plaintiff"), by and through its undersigned counsel, brings this action against defendant Ironleaf Equity Partners LLC ("Defendant") to stop its infringing use of Plaintiff's IRONLEAF trademark, which is registered with the USPTO for "private equity fund investment services" and other services. (U.S. Reg. No. 8,277,503). Defendant is using IRONLEAF as a trademark for private equity services in direct violation of Plaintiff's earlier trademark rights.

## THE PARTIES

2. Plaintiff Ironleaf Capital, L.P. is a limited partnership organized under the laws of the State of Delaware, with a place of business in New York, New York. Plaintiff operates a private equity fund under the trademarks IRONLEAF and IRONLEAF CAPITAL. Plaintiff's website can be found at <www.ironleafcapital.com>.



Focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

3. Plaintiff has a principal place of business at 142 W. 57th Street, Floor 9, New York, New York 10019.

4. Defendant Ironleaf Equity Partners LLC is a limited liability company also organized under the laws of the State of Delaware.

5. Defendant also operates a private equity fund and markets its services to investors from a website at <www.ironleafequitypartners.com>.

6. On information and belief, Defendant's primary activities take place in the areas of Seattle and Tacoma, Washington. On information and belief, Keelan Flowers, Defendant's first co-founder and member, is believed to be a resident of Federal Way, Washington; and Eric Frank, Defendant's second co-founder and member, is believed to be a resident of Tacoma, Washington.

**JURISDICTION AND VENUE**

7. This is an action for infringement of federally registered trademarks in violation of 15 U.S.C. § 1114(1); unregistered trademarks and unfair competition in violation of 15 U.S.C. § 125(a); and other state law violations as set forth below.

8. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §§ 1331 and 1338. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are joined with substantial and related claims under the laws of the United States, and they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy or derive from a common nucleus of operative facts.

9. The exercise of personal jurisdiction by the Court over Defendants is appropriate in accordance with the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

10. This Court has personal jurisdiction over Defendant because Defendant is operating in the state of Washington and in this District. Defendant also operates an Internet



Focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

website at <www.ironleafequitypartners.com> that is accessible by and targets residents of this District.

11. Defendant has purposefully availed itself of the benefits of doing business in Washington by transacting business with investors in Washington. In undertaking these deliberate acts, including all facts and allegations set forth below, which are incorporated herein by reference, Defendants had fair warning and could reasonably anticipate that they could be called before a federal district court in Washington.

12. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391 because Defendant does business in this District, the claims arose in this District, and a substantial part of the events giving rise to the claims occurred in this District. Moreover, Defendant transacts business in this District, has committed infringing acts in this District, and has engaged in activities that subject Defendant to the jurisdiction of this Court. Finally, because Defendant is subject to personal jurisdiction in this District, venue is appropriate in this District.

**PLAINTIFF AND ITS IRONLEAF TRADEMARK**

13. Plaintiff is the limited partner managing a private equity fund under the marks IRONLEAF and IRONLEAF CAPITAL.

14. Plaintiff's founder created and registered the Internet domain <www.ironleafcapital.com> on November 5, 2024.

15. Plaintiff and its affiliated Ironleaf entities were formed in Delaware in early 2025.

16. On February 11, 2025, Ironleaf Capital, LLC ("Applicant"), a predecessor-in-interest and affiliate of Plaintiff (Ironleaf Capital, L.P.), filed two intent-to-use trademark applications with the United States Patent and Trademark Office: (1) for the mark IRONLEAF (U.S. App. Ser. No. 99037241) (the "'241 Application"), and (2) for the mark IRONLEAF CAPITAL (U.S. App. Ser. No. 99037246) (the "'246 Application"). Both applications claimed the following services: "Investment of funds for others; Investment of funds for others in the fields of capital investment and private equity; Private equity fund investment services" in International Class 36.



Focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

17. As for the '241 Application, on October 21, 2025, the USPTO issued a Notice of Allowance confirming that the Application was eligible for registration once Applicant filed a Statement of Use.

18. On November 3, 2025, Applicant filed a Statement of Use for the '241 Application submitting evidence showing use of the IRONLEAF mark in commerce at <www.ironleafcapital.com>.

19. On May 4, 2026, the USPTO accepted Applicant's Statement of Use, and on May 26, 2026 it granted a registration for the IRONLEAF mark (U.S. Reg. No. 8,277,503) (the "IRONLEAF Registration").

20. The IRONLEAF Registration is proof of Plaintiff's nationwide trademark rights dating back to at least February 11, 2025, the filing date of the '241 Application.

21. As for the '246 Application, on November 25, 2025, the USPTO issued a Notice of Allowance confirming that the Application was eligible for registration once Applicant filed a Statement of Use.

22. On December 4, 2025, Applicant filed a Statement of Use for the '246 Application submitting evidence showing use of the IRONLEAF CAPITAL mark in commerce at <www.ironleafcapital.com>.

23. Due to administrative delays at the USPTO, the Office has not yet formally accepted this Statement of Use, but it is expected to do so any day, at which time the '246 Application will become the "IRONLEAF CAPITAL Registration." This Registration will also serve as proof of Plaintiff's nationwide rights to IRONLEAF CAPITAL dating back to at least February 11, 2025, the filing date of the '246 Application. Plaintiff's IRONLEAF Registration and its IRONLEAF CAPITAL Registration are referred to hereinafter as "Plaintiff's Trademark Registrations."

24. On February 5, 2026—after submitting the Statements of Use for both the '241 Application and the '246 Application Applications—Applicant recorded an assignment of both Applications with the USPTO, which assigned the Applications and the goodwill in the



Focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

Applicant's business to Plaintiff Ironleaf Capital, L.P.

25. Plaintiff uses the IRONLEAF and IRONLEAF CAPITAL marks, including at <www.ironleafcapital.com>, for the services claimed in the IRONLEAF Registration and the IRONLEAF CAPITAL Registration.

26. While Plaintiff is focused initially on private equity investments in the healthcare industry, it could very well expand its investments to target other industry sectors in the future, as this type of growth and diversification happens regularly for private equity funds.

**DEFENDANT AND ITS INFRINGING ACTIVITIES**

27. Defendant Ironleaf Equity Partners LLC was formed in Delaware on October 10, 2025—nearly a full year after Plaintiff registered <www.ironleafcapital.com> and after Plaintiff and its affiliated entities were formed and began marketing its private equity services.

28. Defendant offers "private equity" services, including through its website at <www.ironleafequitypartners.com>.

29. On its website, Defendant refers to itself variably as IRON LEAF EQUITY PARTNERS (with IRON LEAF in a significantly larger font) and Ironleaf Equity Partners (with Ironleaf as one word) (the "Infringing Marks"). Regardless of whether Defendant uses IRONLEAF as one or two words, the Infringing Marks violate Plaintiff's trademark rights in the IRONLEAF and IRONLEAF CAPITAL Registrations, as well as Plaintiff's common law trademark rights to IRONLEAF for private equity investment services (collectively "Plaintiff's Marks").

30. In or about late May 2026, Plaintiff first became aware of Defendant's use of IRONLEAF. On June 11, 2026, counsel for Plaintiff sent its first demand letter to Defendant. Since that date, counsel for Plaintiff has followed up multiple times, including serving a demand letter to Defendant's registered agent, but Defendant has completely ignored Plaintiff's demands.

31. Defendant was almost certainly aware of Plaintiff when it launched. The parties' domains—ironleafcapital.com and ironleafequitypartners.com—are substantively identical and share the identical dominant, initial term. Further, the parties' website both promote private



Focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

equity services. In fact, a Google search for "ironleaf private equity" reveals Plaintiff first followed immediately by Defendant; and a search for "ironleaf equity" reveals Defendant first followed immediately by Plaintiff.

32. Even if Defendant were somehow unaware of Plaintiff when it launched—and this seems impossible—Defendant now has actual knowledge of Plaintiff's prior rights to IRONLEAF for private equity services, and it has had this knowledge for a few months. Nevertheless, Defendant has continued to ignore outreach by Plaintiff and continues to use the Infringing Marks in a manner that is likely to cause confusion. This ongoing use of the Infringing Marks constitutes deliberate and willful infringement, exposing Defendant to liability for enhanced damages.

33. For all these reasons, Plaintiff requests an injunction stopping the infringing activities and damages for the infringement.

**FIRST CAUSE OF ACTION**

**(Federal Trademark Infringement, 15 U.S.C. § 1114(1))**

34. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 33 as though fully set forth herein.

35. Defendant's acts constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

36. Plaintiff is the rightful owner of Plaintiff's Trademark Registrations, which constitute proof of Plaintiff's valid, exclusive trademark rights and its entitlement to protection under the Lanham Act.

37. Defendant has used, and continues to use, Plaintiff's Marks in United States commerce in connection with the goods and services claimed in Plaintiff's Trademark Registrations.

38. Defendant's unauthorized use of Plaintiff's Marks is likely to cause confusion, mistake or deception as to the source, sponsorship or approval of Defendant's goods by Plaintiff, or as to the affiliation, connection or association between Plaintiff and Defendant.



Focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

39. The consuming public and the trade are likely to believe that Defendant's services originate with Plaintiff; are licensed, sponsored or approved by Plaintiff; or are in some way connected with or related to Plaintiff, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

40. Defendant has used Plaintiff's Marks with full knowledge of Plaintiff's prior rights and is continuing to use Plaintiff's Marks. Defendant's continued use of Plaintiff's Marks constitutes intentional, malicious and willful infringement of Plaintiff's trademark rights and entitles Plaintiff to enhanced damages.

41. These infringing acts have occurred in interstate commerce and have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

**SECOND CAUSE OF ACTION**

**(Federal Unfair Competition, 15 U.S.C. § 1125(a))**

42. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 41 as though fully set forth herein.

43. Defendant's acts constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendant's unauthorized use in interstate commerce of Plaintiff's Marks is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods or services in violation of Section 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A).

45. These acts have occurred in interstate commerce and have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

**THIRD CAUSE OF ACTION**

**(Unfair Business Practices, RCW 19.86.010 *et seq.*)**

46. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 45 as



Focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

though fully set forth herein.

47. Under the Washington Consumer Protection Act, RCW 19.86.020, "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce" shall be subject to a civil action by "any person who is injured in his or her business or property by a violation of RCW § 19.86.020" to recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee.

48. Defendant's use of the Infringing Marks without authorization from Plaintiff constitutes unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce under RCW 19.86.010.

49. These acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

**FOURTH CAUSE OF ACTION**

**(Trademark Infringement and Unfair Competition Under Washington Common Law)**

50. Plaintiff repeats and realleges the allegations of Paragraphs 1 through 49 as though fully set forth herein.

51. Plaintiff enjoys common law service mark rights in and to Plaintiff's Marks. Plaintiff's rights are superior to any rights Defendant might wish to claim in its Infringing Marks.

52. Defendant has used marks that are identical or confusingly similar to Plaintiff's Marks. These Infringing Marks have caused or are likely to cause confusion or mistake as to the source, affiliation, connection, or association of the private equity services offered by Defendant. Prospective investors and consumers of Defendant's services are likely to associate, or have associated, such services as originating with Plaintiff. This mis-association is detrimental to Plaintiff.

53. These acts have caused and, unless restrained by this Court, will continue to cause serious and irreparable injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully asks for judgment against Defendant as follows:



Focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966

1. That Defendant is found to have willfully violated Sections 32(1) and/or 43(a) of the Lanham Act, 15 U.S.C. § 1051 *et seq.*

2. That Defendant and its officers, agents, employees, attorneys and all those in active concert with them, be preliminarily and permanently enjoined from all further unauthorized use of Plaintiff's Marks, by any means or method.

3. That, pursuant to 15 U.S.C. § 1117, including as an "exceptional case" under 15 U.S.C. § 1117(a), Plaintiff be awarded monetary relief for Defendant's trademark infringement, including (a) all profits received by Defendant from the provision of any services under the Infringing Marks, less only proven elements of cost or deduction; or (b) all damages sustained by Plaintiff as a result of Defendant's actions (up to three times the amount of actual damages).

4. That the Court declare that Defendant's trademark infringement is willful.

5. That the Court declare that Defendant willfully committed acts of unfair business practices and trademark infringement and unfair competition under Washington common and statutory law.

6. That Plaintiff be awarded pre-judgment interest on all damages awarded by the Court.

7. That Plaintiff be entitled to recover its reasonable attorneys' fees and costs of suit.

8. That Plaintiff be awarded any and all such other and further relief as this Court shall deem just and proper.

Dated this 21st day of September, 2026.

Respectfully submitted,

FOCAL PLLC

By: *s/ Venkat Balasubramani*
*s/ Stacia N. Lay*

Venkat Balasubramani, WSBA #28269
Stacia N. Lay, WSBA #30594
900 1st Avenue S., Suite 201
Seattle, Washington 98134
Tel: (206) 529-4827
Fax: (206) 260-3966

Email: venkat@focallaw.com
Email: stacia@focallaw.com

NEAL & MCDEVITT, LLC

Thomas M. Monagan (*pro hac vice* application forthcoming)
2801 Lakeside Drive, Suite 201
Bannockburn, Illinois 60015
Tel: (847) 881-2457
Email: tmonagan@nealmcdevitt.com

Attorneys for Ironleaf Capital, L.P.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Ironleaf Capital, L.P. demands trial by jury in this action of all issues so triable.

DATED: September 21, 2026

*s/ Venkat Balasubramani*

Venkat Balasubramani, WSBA #28269



Focal PLLC
900 1st Ave. S., Suite 201
Seattle, Washington 98134
telephone (206) 529-4827
fax (206) 260-3966